FILED
Dec 26, 2025
11:56 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Saeeda Johnson | Docket No. 2023-03-3894 |
| v. | State File No. 33112-2023 |
| Aimbridge Hospitality, LLC, et al. | |

Appeal from the Court of Workers'
Compensation Claims
Brian K. Addington, Judge

---

### Affirmed and Certified as Final

---

In this compensation appeal, the employee questions the trial court's order denying her request for permanent disability benefits but awarding future medical benefits. The employee originally reported various injuries when some chairs fell on her at work. The employer accepted the compensability of the accident and authorized medical care for her right arm complaints but declined to pay any temporary disability benefits. After an interlocutory hearing, the trial court awarded the employee some temporary disability benefits and ordered the employer to continue providing medical care related to her right upper extremity injury. Thereafter, the employee filed another request seeking additional temporary disability benefits. Following another interlocutory hearing, the trial court found the employer could accommodate the employee's restrictions and denied her request for further temporary benefits. After the trial court issued that order, the employee informed her authorized treating physician she did not want any further medical treatment. A compensation hearing was then held, and the trial court found the employee had not submitted evidence that would entitle her to permanent disability benefits but awarded future reasonable and necessary medical benefits causally related to her work injury. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Saeeda Johnson, Knoxville, Tennessee, employee-appellant, pro se

Phillip R. Baker, Johnson City, Tennessee, for the employer-appellee, Aimbridge Hospitality, LLC

1

**Memorandum Opinion[1]**

Saeeda Johnson ("Employee") sustained injuries on April 24, 2023, when a stack of chairs fell on her while she was working as a banquet server for Aimbridge Hospitality, LLC ("Employer). It is unclear from the record how or when the incident was reported to Employer, but it is undisputed that it was aware of the accident. Employee initially obtained unauthorized medical care from a nurse practitioner ("NP") at CVS Minute Clinic on April 25. The record of that visit states that Employee described a stack of ten chairs falling on her right elbow and wrist, but that "this is not a workman's comp claim [sic]." Employee stated her wrist was "more sore than painful." The NP also noted that although Employee complained of neck pain with tingling into her right wrist, she also explained that those symptoms were present before the accident and had not gotten any worse. Employee was instructed to take ibuprofen and was released to return to work the following day.[2]

Later that day, Employee received authorized medical care at the emergency room at Fort Sanders Regional Medical Center. X-rays of her cervical spine, right elbow, and right wrist were performed, and she was diagnosed with a contusion to the right wrist and elbow, and neck pain. She was released to return to work on April 27, 2023. On April 28, Employee returned to Fort Sanders, reporting she had been involved in a motor vehicle accident that same day and complaining of pain in her low back, right hand, right knee, and chest. She was diagnosed with a lumbar strain and contusion and was discharged. Employee returned again to Fort Sanders on April 30, complaining of right hip pain and abdominal pain and referencing both her work injury and her motor vehicle accident. According to the medical note, Employee refused "labs, IV placement, and contrast for trauma scans" and then left the facility against medical advice.

With respect to her work injury, Employer authorized further medical treatment with Dr. John R. Blake on May 10, 2023. During her first visit with Dr. Blake, Employee reported low back pain, right wrist pain, and abdominal pain. Dr. Blake prescribed ibuprofen and a splint for Employee's wrist and heat for her low back and abdomen. He also ordered six physical therapy visits for all three conditions and restricted Employee to working without the use of her right hand.

Employee returned to Dr. Blake on May 25, 2023, after five physical therapy visits. Dr. Blake noted that Employer had requested he limit his treatment to Employee's right wrist, which is the injury it had accepted as compensable. Dr. Blake observed that

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

[2] The nurse practitioner added an addendum to the medical note stating Employee returned to the Minute Clinic later, indicating she was dissatisfied with the documentation in the medical note and requesting it be amended to state she suffered from "elbow, wrist, and neck pain."

Employee still had pain in her right wrist, but he released her to return to work without restrictions, stating there was "no impairment/disability anticipated."

Employee did not return to work for Employer after the accident and filed a petition for benefit determination seeking temporary disability and medical benefits on June 5, 2023. At the first expedited hearing, Employer confirmed that it would continue to provide Employee with medical treatment for her right wrist, but it asserted that any treatment for Employee's back, pelvis, or abdomen was not related to the work injury.[3] Employer also argued that Employee was not entitled to any temporary disability benefits. In an order issued in July 2024, the trial court determined Employee had not met her burden of proving a likelihood of prevailing on the merits in establishing that her other claimed conditions were "relate[d] to work." However, it did award temporary disability benefits from May 10 to May 24, 2025, based on the temporary restriction of no use of her right hand assigned by Dr. Blake. That order was not appealed.

Thereafter, Dr. Blake ceased treating worker's compensation patients, so Employer provided Employee with a new panel of physicians and paid the temporary benefits in compliance with the trial court's order. Employee selected Dr. Joshua Moss, whom she saw on September 6, 2024. At that time, Dr. Moss recommended an MRI and an EMG of Employee's right wrist, both of which were performed. Dr. Moss reviewed the diagnostics at her following appointment in October 2024 and determined Employee had carpal tunnel syndrome in her right wrist and that it was "work-related." He recommended a corticosteroid injection, which he performed that same day. Dr. Moss also assigned restrictions of no lifting more than five pounds with the right hand for the next six weeks. Employee returned to Dr. Moss in December 2024 indicating the injection provided relief for "6 or 7 weeks." Dr. Moss recommended another injection, and Employee indicated she would consider it and would return in January. Dr. Moss released Employee to return to work with no restrictions at that time.

Meanwhile, on November 11, 2024, shortly before her December appointment with Dr. Moss, Employee filed another request for expedited hearing, seeking temporary disability benefits based on the updated restriction assigned by Dr. Moss. The trial court conducted a hearing, at which time Employer's representative testified Employer would have been able to accommodate Employee's restriction by having her perform tasks such as rolling silverware, polishing glasses, and filling salt and pepper shakers, had Employee not resigned in June 2023. Following the hearing, the court issued an order on January 24, 2025, denying Employee's requested benefits. That order was not appealed.

---

[3] The record does not contain a transcript of any of the hearings conducted in this matter. We have gleaned the arguments and representations of the parties during the hearings from the trial court orders and other documentation contained in the record.

Employee was a "no show" for her scheduled January appointment with Dr. Moss, but she did attend an appointment on February 4, 2025, at which time she declined another injection and indicated she had no interest in surgery. Dr. Moss informed her that if she did not want any further treatment, he would need to refer her for a functional capacity evaluation ("FCE"). Employee did not return to Dr. Moss after that appointment, and she did not submit to an FCE.

Following a scheduling hearing, the court held a compensation hearing on October 3, 2025. At that time, Employer agreed Employee suffered a compensable injury and that she is entitled to ongoing reasonable and necessary medical treatment. However, Employer argued Employee was not entitled to permanent disability benefits because she submitted no proof of a permanent impairment. The court issued a compensation order on October 20, 2025, in which it denied Employee's request for permanent disability benefits and awarded future reasonable and necessary medical treatment for her compensable, work-related injury. Employee has appealed.

In her notice of appeal, Employee states "I [] am appealing the court[']s decision. It is a lack of communication that [has] already taken place. The order is not clear, and [it] is not stating what all comes with lifetime benefits. The penalty charges are not included. Dr. Moss has created a hostile enviro[n]ment." In her brief, Employee states she is "asking the court for a motion to strike . . . accusations and . . . [a] letter I received from [Dr. Moss's office]." The majority of Employee's brief appears to refer to documents she filed with the trial court after the court issued its compensation order. We cannot consider those documents on appeal, as they were not entered into evidence or considered by the trial court. Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2023); *see also Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at \*13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Employee also asserts she is "still asking for the penalty pay owed to me under the [j]urisdiction of equity and fairness. Article 3 Section 2." Employee does not elaborate on any penalty to which she believes she is entitled, and she offers no insight to assist in identifying the citation she referenced in the brief.

Moreover, no transcript of the compensation hearing has been filed. "Without a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at \*8 (Tenn. Ct. App. Jan. 25, 2007). Further, although Employee filed a brief, it provides no "argument in support of . . . her contention" on appeal. *Sneed v. Bd. of Prof'l Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010) (stating "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her."). Finally, her notice of appeal does not identify any reviewable issues for appeal.[4] "In short, an

---

[4] To the extent Employee seeks clarification on her right to future medical benefits, Tennessee Code

4

incomplete appellate record is fatal to an appeal, and a reviewing court must conclusively presume that the evidence presented supported the facts as found by the trial court." *Payne v. D & D Electric*, No. 2014-01-0023, 2014 TN Wrk. Comp. App. Bd. LEXIS 6, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 17, 2014) (internal citations and quotation marks omitted).

For the foregoing reasons, we affirm the decision of the trial court and certify it as final. Costs on appeal are waived.

---

Annotated section 50-6-204(a)(1)(A) describes an employer's obligation to provide medical treatment "made reasonably necessary" by a work-related accident or injury.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

Saeeda Johnson

v.

Aimbridge Hospitality, LLC, et al.

Appeal from the Court of Workers'
Compensation Claims
Brian K. Addington, Judge

Docket No. 2023-03-3894

State File No. 33112-2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 26th day of December, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|------|----------------|------------------|---------|-----------|----------|
| Saeeda Johnson | | | | X | saeedajohnson@gmail.com |
| Phillip R. Baker | | | | X | pbaker@fbslawfirm.com kbowman@fbslawfirm.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov